FILED '08 NOV 03 17:58 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONNIE JENSEN, | Civ. No. 08-6253-HO |
| Plaintiff, | ORDER |
| v. | |
| CHARLOTTE RINEHART, | |
| Defendant. | |

The complaint alleges diversity jurisdiction over plaintiff's claim for assault and battery. Defendant filed a motion to remand or dismiss the complaint on the grounds that the citizenship of the parties is not diverse, and the amount in controversy does not meet or exceed the jurisdictional requirement of $75,000. For the reasons that follow, defendant's motion is denied.

## Discussion

Plaintiff has the burden to prove the requirements of diversity jurisdiction. Because the parties submitted declarations and neither requested an evidentiary hearing, the

court accepts as true the factual allegations of the complaint. <u>McLachlan v. Bell</u>, 261 F.3d 908, 909 (9th Cir. 2001).

The complaint alleges non-economic damages in the sum of $2,500,000, economic damages not to exceed the sum of $200,000, and punitive damages in the sum of $2,500,000. Plaintiff addresses her claim for economic damages in her declaration. Defendant provides no reasoned argument or evidence that the amount in controversy does not exceed $75,000.

According to the complaint, plaintiff is a resident and citizen of Oregon and defendant is a resident and citizen of Oklahoma. The parties submitted evidence that defendant owns residences in Oregon and Oklahoma. Plaintiff submitted evidence that defendant resides in Oklahoma and returned to Oregon only temporarily to answer criminal charges. Defendant submitted evidence that she resides in Oregon and traveled to Oklahoma only temporarily for vacations, visits and to participate in divorce court proceedings. Plaintiff states that defendant told her that defendant did not intend to reside in Oregon and that defendant would move to Kansas to live near defendant's grandchildren.

Defendant states as follows: between September 12, 2006 and September 12, 2008, defendant lived in Oregon more or less continually except for no more than two visits to Oklahoma of between two and eight weeks and one visit of up to 24 weeks; defendant was not employed in Oregon, but volunteered at the

Redmond, Oregon Human Society; defendant files Oklahoma tax returns by mail from Oregon; and defendant often gave out her Oklahoma mailing address because all her Oklahoma mail is forwarded to Oregon.

Absent from defendant's declaration is a statement that she intends to remain in Oregon indefinitely, is registered to vote in Oregon, is licensed to drive by Oregon or has manifested some other indicia of intent to remain in Oregon indefinitely.

The court accepts as true the allegation of the complaint that defendant is a citizen of Oklahoma. The allegation necessarily implies that defendant is domiciled in Oklahoma, not Oregon. To the extent that acceptance of this allegation as true is insufficient or improper, the court further finds by a preponderance of the evidence that defendant does not intend to remain in Oregon indefinitely and is therefore not domiciled in or a citizen of Oregon. Defendant concedes that she files Oklahoma tax returns and maintains an Oklahoma mailing address. She further concedes she took visits of substantial duration to Oklahoma during the time she contends she lived in Oregon. Plaintiff produced evidence that defendant disclosed an intent not to remain indefinitely in Oregon. Defendant does not contradict this evidence. Defendant does not allege or prove other manifestations of intent to remain in Oregon such as having registered to vote in Oregon, obtained an Oregon driver's

license, or filed state tax returns.

## Conclusion

Based on the foregoing, defendant's motion to remand or dismiss complaint [#3] is denied.

IT IS SO ORDERED.

DATED this 3rd day of November, 2008.

                                /s/ Michael R. Hogan
                                United States District Judge